UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

RICHARD VELA, SR. and
RICHARD VELA, JR,

    Plaintiffs,

v.                                                               Civ. No. 23-430 KWR/GJF

CARLSBAD MEDICAL CENTER, LLC,
PECOS VALLEY OF NEW MEXICO, LLC
d/b/a PECOS VALLEY PHYSICIAN GROUP,
and CHSPSC, LLC d/b/a COMMUNITY
HEALTH SYSTEMS,

    Defendants.

**ORDER GRANTING MOTION FOR ENTRY OF CONFIDENTIALITY ORDER AND ORDER FOR DISCLOSURE OF ADULT PROTECTIVE SERVICES RECORDS**

THIS MATTER is before the Court on Carlsbad Medical Center, LLC's Motion for Entry of Confidentiality Order and Order for Disclosure of Adult Protective Services Records ("Motion for Confidentiality Order"), filed June 12, 2024. ECF 80. Therein, Carlsbad Medical Center ("Defendant") seeks entry of a proposed confidentiality order subject to which it may disclose to other parties in this case medical and police department records from late April and early May involving an investigation into Plaintiff Richard Vela, Sr.'s safety and wellbeing. *Id*. at 1.

Defendant's Motion for Confidentiality includes a recitation of good faith concurrence pursuant to Local Rule 7.1:

> Defendant Pecos Valley . . . and CHSPSC . . . do not oppose [the Motion]. After a circuitous conferral in which Plaintiffs' counsel agreed but then reneged, undersigned counsel now understands that Plaintiffs oppose this motion, but only on the limited basis that Plaintiffs demand that Carlsbad give them the APS records first, before they'll agree to the motion and order.

*Id*. Defendant attaches to its Motion e-mail correspondence in which Plaintiffs' counsel advised, first, that the proposed confidentiality order was "[a]pprove[d] with changes." ECF 80, Ex. B, at

6. The next day, in response to a revised version of the proposed confidentiality order, Plaintiffs' counsel explained that if Defendant would omit paragraph one, he would approve the order.[1] *Id*. at 4. Later that same day, Plaintiffs' counsel reversed course, advising that he would not agree to the proposed motion and confidentiality order unless Defendant first produced the subject records for Plaintiffs' consideration. *Id*. at 2.

After Plaintiffs' counsel reneged on their earlier concurrence and insisted that they first be provided the records that would ultimately be subject to the order, Defendant filed the instant Motion. Defendant insists that Plaintiffs are "put[ting] the cart before the horse[,] as the very purpose of th[e] motion and order [is] to enable [Defendant] to produce the[ subject] records while protecting their confidentiality in compliance with the Adult Protective Services Act." ECF 80 at 2. To comply with its disclosure obligations, Plaintiffs' request for records, and the Adult Protection Services Act, Defendant asks the Court to enter the proposed "Confidentiality Order and Order for Disclosure of Adult Protective Services Records." *Id*. at 2–3.

Pursuant to Local Rule 7.4, a response to a motion "must be served and filed within fourteen (14) calendar days after service of the motion." D.N.M.LR-Civ. 7.4. Defendant's Motion for Confidentiality Order was filed on June 12, 2024; thus, Plaintiffs' response was due June 26, 2024. The Court considers Plaintiffs' failure to file any response by that deadline consent to grant the motion. *See* D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."). Thus, the Court will grant Defendant's Motion for Confidentiality Order.

A final observation: although it is certainly any party's prerogative to oppose motions and orders proposed by opposing counsel, the Court observes that this is the third time Plaintiffs'

---

[1] For its part, Defendant observes that paragraph one was present in the proposed confidentiality order that Plaintiffs' counsel approved the day prior. ECF 80 at 1.

counsel have initially indicated opposition to a motion but then elected not to file any written response thereto. In each instance, the Court ultimately treated the motion as unopposed by operation of Local Rule 7.1(b), but only after the time allotted for filing a response had passed. Because inefficiency results when the Court and the parties must wait for a response brief that never comes, it would behoove Plaintiffs' counsel to more carefully consider in the first instance whether they in fact oppose a motion and order proposed by opposing counsel. In addition, approving a proposed order only to withdraw that approval in a subsequent communication, as appears to have happened here [*see* ECF 80 at 2] and on at least one other occasion [*see* ECF 58 at 2], no doubt complicates the relationship with opposing counsel, unnecessarily increases the litigation friction in an already difficult case, and raises judicial eyebrows. The Court fully expects not to read about something like this again in the future.

**IT IS THEREFORE ORDERED** that Defendant Carlsbad Medical Center, LLC's Motion for Entry of Confidentiality Order and Order for Disclosure of Adult Protective Services Records [ECF 80] is **GRANTED**.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE