UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

RICHARD VELA, SR. and
RICHARD VELA, JR,

       Plaintiffs,

v.                                        Civ. No. 23-430 KWR/GJF

CARLSBAD MEDICAL CENTER, LLC,
PECOS VALLEY OF NEW MEXICO, LLC
d/b/a PECOS VALLEY PHYSICIAN GROUP,
and CHSPSC, LLC d/b/a COMMUNITY
HEALTH SYSTEMS,

       Defendants.

ORDER GRANTING PLAINTIFFS'
MOTION TO EXTEND DISCOVERY DEADLINE

THIS MATTER is before the Court on Plaintiff's Motion to Extend Discovery Deadline
[ECF 86]. Defendant Carlsbad Medical Center ("Defendant Carlsbad") filed its response in
opposition [ECF 88] and Plaintiffs filed their reply [ECF 92]. Plaintiffs represent that Defendants
Pecos Valley of New Mexico, LLC and CHSPSC, LLC do not oppose Plaintiff's Motion. ECF 86
at 1. Thus, the Motion is now fully briefed. For the reasons that follow, the Court will GRANT the
Motion and afford Plaintiff one final extension of the discovery deadline, from August 30, 2024,
to November 15, 2024.

I.      **BACKGROUND**

Plaintiffs filed this medical negligence action in state court over two years ago, on July 5,
2022. *See* ECF 10-1. After ten months of litigation, Defendants removed the matter to federal
court. *See* ECF 1. On September 13, 2023, this Court issued its first scheduling order, setting a
discovery deadline of April 30, 2024. ECF 20. Thereafter, Plaintiffs sought and received two
extensions of discovery deadlines—a three-month extension sought on April 17, 2024, day 227 of

the 240-day discovery period [*see* ECFs 56; 58; 61], and a one-month extension sought during the parties' May 29, 2024 status conference [*see* ECFs 76; 77].

On June 12, 2024, Plaintiffs' counsel e-mailed chambers to advise that Plaintiff Richard Vela, Sr. ("Mr. Vela, Sr.") had undergone an above-the-knee leg amputation that would "likely extend the need for additional discovery." ECF 88-2 at 3. In an e-mail response that same day, the Court instructed Plaintiffs' counsel to confer with opposing counsel to the extent Plaintiffs believed an extension of discovery deadlines was necessary and to file a motion specifying any additional discovery and the extension of deadlines they sought. *Id*. at 2. Three weeks later, the instant motion for extension followed. ECF 86. Therein, Plaintiffs seek a third extension of the discovery deadline, this time until November 15, 2024, "[d]ue to recent medical issues regarding Mr. Vela, Sr., including recent amputation of his toes followed by a recent above-the-knee amputation of one of his legs." *Id*. at 1–2.

## II.    LEGAL STANDARD

Extensions of deadlines contained in a court's scheduling order must satisfy by Federal Rule of Civil Procedure 16(b)(4), which provides that a court may only grant such extensions for good cause shown. Fed. R. Civ. P. 16(b)(4). To demonstrate "good cause" under Rule 16(b)(4), the movant must show that the "scheduling deadlines [could not] be met despite [the movant's] diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (internal citation and quotation omitted). Whether to extend discovery is "committed to the sound discretion of the trial court." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). "Good cause is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party." *Tesone v. Empire Mktg., Strategies*, 942 F.3d 979,

988 (10th Cir. 2019) (internal brackets and quotations omitted) (citation omitted). While Rule 16(b) permits courts to consider possible prejudice to the nonmoving party, *see id.*, it does not "focus" on prejudice, nor on bad faith of the movant, *see Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). Rather, the most important factor for Rule 16(b)'s "good cause" standard is the diligence of the party seeking the extension. *Heuskin v. D&E Transp., LLC*, Civ. No. 19-957 MV/GBW, 2020 WL 5367027, at *4 (D.N.M. Sept. 8, 2020) (citing *Gorsuch, Ltd., B.C.*, 771 F.3d at 1240). In that regard, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Tesone*, 942 F.3d at 989 (internal brackets omitted) (citation omitted).

## III.     ANALYSIS

Defendant Carlsbad explains that while it "does not oppose ***any*** extension" of the discovery deadline, it "does oppose Plaintiff's ***proposed*** extension because it's too long, too broad, and would unnecessarily throw this case completely off track, requiring multiple deadlines and the parties' settlement conference to be vacated and reset yet again." ECF 88 at 1. Because Plaintiffs have not, in its view, demonstrated good cause for the requested three-month extension, Defendant Carlsbad urges the Court to grant a more limited extension of the discovery deadline, to September 20, 2024. *Id*.

Defendant Carlsbad contends that Plaintiffs' good cause showing falls short for two reasons. First, they maintain that Plaintiffs have not demonstrated due diligence in discovery. *Id*. at 3–5. Second, they contend that Mr. Vela, Sr.'s amputation does not change the scope of discovery and therefore cannot constitute good cause for extending the discovery deadline. *Id*. at 3–6. Alternatively, Defendant Carlsbad argues that even if good cause exists, the circumstances warrant only a more limited three-week extension of the discovery deadline. *Id*. at 7.

As to whether Plaintiffs have exercised diligence, Defendant Carlsbad faults them for (1) delaying their filing of the instant motion; (2) unilaterally and without explanation rescheduling the depositions of Plaintiffs' damages experts (Drs. Martinez and Altman) for outside the August 30, 2024 discovery deadline; and (3) failing to move forward with a Rule 30(b)(6) deposition of Defendant Carlsbad, after Carlsbad's counsel conferred regarding topics, identified designees, and worked to find a mutually-acceptable date within the discovery period. *Id*. at 5.

For their part, Plaintiffs insist that they have demonstrated "more than due diligence" in completing necessary and substantial discovery in this case. First, they attempt to refute Defendant Carlsbad's position that they are guilty of delay in the filing of their Motion. ECF 92 at 5. They represent that "within days of recognizing their need to extend the [discovery] deadline" they brought to the Court's attention, in a June 12, 2024 e-mail, the fact of Mr. Vela, Sr.'s above-the-knee amputation and their perspective that discovery would likely need to be expanded and extended. *Id*. Given the communication that took place between counsel on the topic of a discovery extension in the interim, *see, e.g.,* ECF 88-5 at 8, the Court is not persuaded that a three-week delay in the Motion's filing justifies its denial.

With respect to the rescheduling of Dr. Martinez's deposition, Plaintiffs explain that Dr. Martinez released the agreed-upon deposition date when he did not receive the $2,200 pre-payment from Defendant Carlsbad, a fee that this Court determined Defendant Carlsbad was responsible for paying in advance. ECFs 92 at 4; 78. In support, Plaintiffs attach a June 19, 2024 e-mail advising opposing counsel of this development.[1] ECF 92-3 at 1. Plaintiffs concede that the July 2,

---

[1] It is not clear from the record why Dr. Martinez failed to receive the $2,200 prepayment from Defendant Carlsbad. In correspondence attached to its response brief, counsel for Defendant Carlsbad represented that she sent a $2,200 check to Dr. Martinez on May 23, 2024. ECF 88-5 at 6. After Plaintiffs' counsel's office reported that Dr. Martinez had not received the check, Carlsbad counsel responded that she would put a stop on the original check and issue a new one to the same address. *Id*. at 3. The Court takes Carlsbad counsel at her word. At the same time, it has no reason to question the truthfulness of Dr. Martinez in denying receipt of the check. If, as the Court suspects, the check was

2024 date for Dr. Alman's deposition was released due to a "miscommunication with Dr. Altman's office" on their part. ECF 92 at 4. Although Plaintiffs "accept responsibility for [this] miscommunication," they insist that it is not indicative of "bad motive" or a lack of diligence. *Id*. at 4. Plaintiffs report that the depositions of Drs. Martinez and Altman have been rescheduled, albeit for a few weeks beyond the current discovery deadline. *See id*. at 4.

Turning to Defendant Carlsbad's complaint that Plaintiffs have not followed through with a Rule 30(b)(6) deposition, Plaintiffs explain that their hesitance to notice that deposition is a product of substantial document production in recent weeks, including records from Adult Protective Services. *Id*. According to Plaintiffs, the documents recently produced have called into question the proper scope of Rule 30(b)(6) topics. *Id*. Given the developments in this case to which the Court has been privy, *see* ECF 80, some difficulty in settling upon Rule 30(b)(6) topics is understandable. Moreover, correspondence between the parties suggests that outstanding disputes between the parties caused delay in noticing the Rule 30(b)(6) deposition. *See* ECF 88-7 at 4. The Court will not deny Plaintiffs' Motion on this basis.

In addition to the above considerations, Plaintiffs recount that they have facilitated two in-person medical evaluations of Mr. Vela, Sr. and defended or taken the depositions of at least six lay witnesses, three treating providers, and five of their own expert witnesses. ECF 92 at 2. Plaintiffs further explain that they have attempted to locate three medical providers who treated Mr. Vela, Sr., and who are the subject of Plaintiffs' negligence claims, without any assistance from Defendant Carlsbad and to no avail. *Id*. at 5. Plaintiffs also contend that their early attempts in February 2024 to find dates for the depositions of Defendants' expert witnesses, attempts they suggest were rebuffed by defense counsel, demonstrate their diligence in the discovery phase of

---

simply lost in the mail, the rescheduling of Dr. Martinez's deposition appears to be a collateral consequence of this mishap and not attributable to Plaintiffs' bad faith or lack of diligence.

this case. *Id*. at 3. They emphasize that the intensity of the discovery period will not let up in the five weeks that remain in the current discovery window, as they are prepared to depose six of Defendants' expert witnesses and to defend Defendants' deposition of a lay witness. *Id*.

Given the scope of discovery that has been conducted in this case, the Court cannot characterize Plaintiffs or their counsel's engagement in the discovery process as careless or dilatory. While there may have been times when Plaintiffs and their counsel could have been more proactive and attentive, diligence cannot be measured with perfect hindsight. And there is no reason to believe that Mr. Vela, Sr.'s late-in-the-discovery-period amputation was foreseeable to Plaintiffs. The Court does not question that all counsel have been hard at work throughout the fourteen months this case has been in federal court. A review of the docket reveals that the Court has held four telephonic conferences and issued nearly half a dozen discovery orders. It does not appear that the intensity of the parties' discovery activities will let up in the coming weeks, which may well have led two of the three Defendants to file no opposition to Plaintiffs' requested extension. For all these reasons, the Court is satisfied that Plaintiffs have demonstrated sufficient diligence to justify one final discovery extension.

Plaintiffs further suggest that the gravity and recency of Mr. Vela, Sr.'s amputations support a finding of good cause. ECF 92 at 6. Plaintiffs insist that the amputations "in the last six weeks" have left them without adequate time to evaluate the full scope of Mr. Vela, Sr.'s injuries or their impact on his lifecare plan and, thus, constitute good cause for extending discovery. *Id*. Defendant Carlsbad dismisses the amputations as a justification for extending the discovery deadline. First, it suggests that Plaintiffs were aware of the issue when they requested the second extension of the discovery deadline at the May 29, 2024 status conference but failed to raise any concerns about its implications for discovery in this case. ECF 88 at 6. To that end, Defendant

Carlsbad attaches medical records to support its assertion that Mr. Vela, Sr.'s "initial amputation—at that time, part of his foot—occurred nearly a month ***prior to*** the [May 29, 2024] status conference." *Id*. at 5 (citing ECFs 76; 88, Ex. H, I). Defendant Carlsbad concedes that Mr. Vela, Sr. "had more of the same limb amputated several weeks later," or sometime in June 2024, but insists that the more extensive amputation was a result of complications from the initial amputation. *Id*. at 6 (citing ECF 88, Ex. H).

While it may be true that Mr. Vela, Sr.'s amputations occurred in stages, the most extensive and tragic of them occurred *after* the May 29, 2024 status conference, as recently as six weeks ago. That the above-the-knee amputation may have resulted from complications from the initial amputation of part of Mr. Vela, Sr.'s foot does not change the recency of these developments, just as the parties are nearing the end of the discovery period. In the Court's view, the timeline of amputation procedures does not undermine Plaintiff's position that there is good cause to extend the discovery period.

Defendant Carlsbad also posits that Mr. Vela, Sr.'s amputation does not justify a three-month extension of deadlines because, in its view, the amputation "is not related to [Plaintiffs'] claims in this case." ECF 88 at 6. Defendant Carlsbad insists that Plaintiffs' claims relate to alleged medical negligence resulting in a stroke, whereas the amputations were due to an unrelated "diabetic foot infection that was allowed to develop into gangrene." *Id*. But the Court is unable to reach a reliable conclusion on the causation of the amputation on the undeveloped record before it. Although the evidence in this case may ultimately bear out Defendant Carlsbad's view that Plaintiffs' claims and Mr. Vela, Sr.'s amputation are unrelated, the Court cannot be so confident. Discovery, particularly expert discovery, appears to be necessary to determine whether there is a

causal connection between the alleged medical negligence and Mr. Vela, Sr.'s above-the-knee amputation.

In support of its position that the circumstances call for a more limited extension of the discovery deadline, Defendant Carlsbad emphasizes that the requested extension will likely necessitate extensions of other case deadlines as well as the vacating of the parties' October 21, 2024 settlement conference. ECF 88 at 7. In Defendant Carlsbad's view, disruption of the motions deadline and settlement conference would be prejudicial to Defendants. In hopes of preserving the settlement conference setting, Defendant Carlsbad urges the Court to impose only a three-week extension of the discovery deadline. *Id*. Although it is possible that the settlement conference setting hangs in the balance, the Court observes that no party has asked that it be vacated. Nor will an expanded pretrial period sacrifice a trial date, as no trial has been set. And while the Court is permitted to consider possible prejudice to Defendants, prejudice to a non-movant is not among the most significant considerations in deciding whether to extend discovery. *See Tesone*, 942 F.3d at 988; *Colo. Visionary Acad.*, 194 F.R.D. at 687. In view of the amputation-related discovery's potential relevance and importance to the parties' claims and defenses in this case, the Court perceives a substantial risk of unfairness to Plaintiffs if it were to deny the requested extension.

Finally, Defendant Carlsbad contends that if the Court is inclined to grant the extension as requested by Plaintiffs, any additional discovery should be limited to the issue of damages. ECF 88 at 8. As Defendant Carlsbad puts it, if Mr. Vela, Sr.'s amputation "bears any relevance to this case at all, it's solely with respect to the damages Plaintiffs seek" and should "not give Plaintiffs carte blanche to belatedly conduct the liability discovery that they should have sought months ago." *Id*. In this regard, the Court is satisfied that the issues raised in Plaintiffs' Motion implicate

both causation and damages, and the Court will not cabin forthcoming discovery to only the issue of damages as Defendant Carlsbad requests.

Ultimately, the Court concludes that Plaintiffs have been generally diligent in conducting discovery, the need for more time to conduct discovery related to Mr. Vela Sr.'s amputation was not reasonably foreseeable, and refusing to grant the continuance would create a substantial risk of unfairness to Plaintiffs.

## IV.    CONCLUSION

For all these reasons, the Court will grant Plaintiffs one **final** extension of the discovery deadline in this case.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Extend Discovery Deadline is **GRANTED**, and the discovery deadline is extended to November 15, 2024.

**IT IS FURTHER ORDERED** that a Third Amended Scheduling Order establishing additional extended deadlines will be entered concurrently herewith.

**SO ORDERED.**

THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE